995 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry OSGOOD; Walter Knabb; Estate of David Fite;
Plaintiffs-Appellants,
v.
FLORENCE LEASING COMPANY; Bancohio National Bank; Bank
One, Milford, N.A.; Defendants-Appellees.
 No. 92-3445.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1993.
 
 Before GUY and BOGGS, Circuit Judges, and GIBSON, Chief District Judge.*
 PER CURIAM:
 
 
 1
 Plaintiffs-appellants appeal from a district court judgment granting appellee BancOhio's motion for summary judgment. For the following reasons, we AFFIRM.
 
 I.
 
 2
 Appellants were investors in certain limited partnerships. Their investments were financed through loan contracts with two Ohio banks including appellee BancOhio National Bank ("BancOhio"). The partnerships proved unprofitable, and appellants were unable to make good on their promissory notes. Although appellants had information which suggested that BancOhio might be involved in fraudulent activity, they each negotiated mutual release agreements with appellee.
 
 
 3
 On December 4, 1989, appellants filed suit against BancOhio as well as against Bank One, Milford, N.A. ("Bank One") and Florence Leasing Company.[1] The complaint alleged violations of federal and state securities laws,[2] violations of the Racketeering and Corrupt Organizations ("RICO") Act, and common law fraud.
 
 
 4
 BancOhio and Bank One both moved for summary judgment. In an Opinion and Order dated August 27, 1991, the district court granted BancOhio's motion as to all claims pending against it on the grounds that these claims were barred by the releases. The court also found that all claims against BancOhio, except those asserted under RICO, were time barred.[3] The court granted in part and denied in part Bank One's motion for summary judgment. The court dismissed the federal and state securities fraud claims against Bank One but denied Bank One's summary judgment motion as it related to RICO and common law fraud. Appellants and Bank One subsequently settled their claims and entered a notice of stipulated dismissal. Appellants thus only appeal the district court's Order granting BancOhio's motion for summary judgment.
 
 II.
 
 5
 We review a grant of summary judgment de novo. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Canderm Pharmacal Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). In determining whether a genuine issue of fact exists, the court must view the facts in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). The mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. A fact is material when it is capable of affecting the outcome of the suit under governing law; a dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 6
 We find that the district court properly determined that appellants' claims were barred by the execution of the release agreements. Appellants do not dispute that they executed the releases or that the releases encompass the asserted claims. Appellants argue that the district court should have determined the releases to be void by virtue of mutual mistake or fraud. Fraud or mutual mistake can vitiate a release when a plaintiff is induced by a misrepresented material fact to delay suit or to release the defendant from liability. Ott v. Midland-Ross Corp., 600 F.2d 24, 31-32 (6th Cir.1979); Sloan v. Standard Oil Co., 177 Ohio St. 149, 151-52, 203 N.E.2d 237, 239-40 (1964).
 
 
 7
 The record, however, reflects no evidence of fraud or mistake. Appellants do not contend that there was a mutual mistake regarding the extent of their injuries or that BancOhio concealed the extent or nature of their injuries. Appellants' argument is based solely on the assertion that when the releases were executed they did not know of one particular bank officer's participation in the fraudulent activity which was subsequently revealed when he entered a plea agreement. Prior to signing the release agreements, however, appellants had ample information to determine that BancOhio might be involved in fraudulent conduct.[4] Appellants cannot now rely on an allegation of mutual mistake or fraud merely because the exact particulars of the fraudulent activities were not known to them. See generally Hill v. A.O. Smith Corp., 801 F.2d 217, 222 (6th Cir.1986).
 
 
 8
 Because we find that the district court properly found all of appellants' claims to be barred by the releases, we need not review its decision that some claims were also time barred. We deny appellees' motion for sanctions pursuant to Rule 38 of the Federal Rules of Appellate Procedure and Title 28 United States Code Section 1912. This case does not appear to have been brought to delay, harass, or frustrate recovery of a judgment granted below.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Plaintiffs moved to amend their complaint on June 29, 1990, and contemporaneously filed a copy of the amended complaint. The proposed amended complaint did not name Florence Leasing as a defendant. The motion to amend was granted in part and denied in part, and plaintiffs were given leave to file an amended complaint which named only Bank One. Plaintiffs agreed in their stipulation of dismissal that the case was terminated after the claims against Bank One were settled. This Court therefore finds that the effect of the district court's ruling on plaintiffs' motion to amend was to dismiss Florence Leasing from the litigation
 
 
 [2]
 Specifically, the complaint charges defendants with violating Section 12(2) of the Securities Exchange Act of 1933, Section 10(b) of the Securities Exchange Act of 1934, and Rule 10B-5 promulgated thereunder. Furthermore, the complaint charges defendants with violating Section 1707.44 of the Ohio Revised Code
 
 
 [3]
 Appellants appear to have misunderstood the district court's holding. They claim that the district court "erred in holding that appellants' RICO and common law fraud claims were barred" by the statute of limitations. Brief for Appellants at 14. The district court specifically determined that plaintiffs' RICO claims were not barred by the statute of limitations. Osgood v. Florence Leasing, No. C-1-89-810, slip op. at 38 (S.D.Ohio Aug. 27, 1991)
 
 
 [4]
 Appellants knew, prior to signing the release, that the FBI was conducting an investigation which extended to former BancOhio employees and that several other lawsuits had been filed against BancOhio charging it with fraudulent activities similar to those alleged in this lawsuit. The record also reflects that appellants received advice of counsel suggesting that appellants could sue BancOhio for securities fraud prior to their decision to sign the releases